UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SCOPIA WINDMILL FUND LP; SCOPIA PX
LLC; SCOPIA PX INTERNATIONAL MASTER
FUND LP; SCOPIA PARTNERS LLC; SCOPIA
LONG QP LLC; SCOPIA LONG LLC; SCOPIA
LONG INTERNATIONAL MASTER FUND LP;
SCOPIA LB LLC; SCOPIA LB
INTERNATIONAL MASTER FUND LP; AND
SCOPIA INTERNATIONAL MASTER FUND LP;

Plaintiffs,

v.

SIGNET JEWELERS LIMITED, MICHAEL
BARNES, RONALD RISTAU, MARK LIGHT,
VIRGINIA DROSOS, AND MICHELE
SANTANA,

Defendants.
------------------------------------------------------------x

Docket No.: 1:19-cv-~~08086~~ 9917



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/19

## [~~PROPOSED~~] ORDER AND STIPULATION REGARDING SERVICE AND STAY

WHEREAS, on October 25, 2019, Plaintiffs captioned above (the "Scopia Funds") filed their Complaint (Dkt. No. 1) against Defendants captioned above (herein, "Signet" or "Defendants");

WHEREAS, this matter has been marked related to *In re Signet Jewelers Limited Securities Litigation* (1:16-cv-06728-CM (S.D.N.Y.)) (the "Class Action") and alleges violations of the Securities Exchange Act of 1934 (as well as other laws) that are similar to the alleged violations of the Securities Exchange Act of 1934 alleged in the Class Action (Dkt. No. 3);

WHEREAS, this matter is a direct action by the Scopia Funds against Defendants (but is not a class action), but where a number of similar issues of fact and law are raised by this matter as have been, are being, or likely will be litigated in the Class Action;

WHEREAS, in this action, Defendants have not yet answered or otherwise responded to

Plaintiffs' Complaint;

WHEREAS, in the interests of judicial economy and conserving the resources of the parties and the Court, the parties believe a stay to be warranted:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the Parties, that:

1. Undersigned counsel for Defendants shall accept service on behalf of the Defendants, to take the form of the prompt execution of waivers of service, which will be sent to Defendants with the execution of this stipulation.

2. All proceedings, including motion practice and discovery, in the above-captioned securities action (the "Scopia Action"), Case No. 1:19-cv-09916, are hereby stayed until entry of final judgment in *In re Signet Jewelers Limited Securities Litigation* (1:16-cv-06728-CM).

3. The Scopia Action shall be stayed until 30 days after entry of final judgment in the Class Action.

4. Either Party shall have the right to lift the stay at any time upon 60 days written notice to all undersigned counsel and the Court.

5. In the event that the stay is lifted, either Party may move the Court for a new stay.

6. Defendants shall have 30 days from the date the stay is lifted to respond to the Complaint filed in the Scopia Action.

7. The Parties shall submit a joint status report six months after the Court enters the stay.

8. The Parties shall continue to submit a joint status report every six months until the stay is lifted.

9. Defendants are not waiving any defenses, including for failure to state a claim;

2

and Plaintiffs are not waiving any rights, subject to the stay.

Respectfully submitted,

*/s/ Richard A. Bodnar*
Richard A. Bodnar

**LOWENSTEIN SANDLER LLP**
Lawrence M. Rolnick
Marc B. Kramer
Richard A. Bodnar
1251 Ave. of the Americas
New York, NY 10020
212-262-6700
lrolnick@lowenstein.com
mkramer@lowenstein.com
rbodnar@lowenstein.com

*Counsel for Plaintiffs*

Dated: October 31, 2019

Dated: 4/Nov, 2019

**IT IS SO ORDERED:**

*[signature]*

Honorable Colleen McMahon
United States District Judge

Respectfully submitted,

*/s/ Stacy Nettleton*
Stacy Nettleton

**WEIL, GOTSHAL & MANGES LLP**
Stacy Nettleton
Joseph S. Allerhand
767 Fifth Ave. 25th Fl.
New York, NY 10153
212-310-8442
Stacy.nettleton@weil.com
Joseph.allerhand@weil.com

*Counsel for Defendants*

*[Handwritten annotation:]* By signing this stipulation the Court does not agree that additional discovery will be necessary in the direct action.

3